IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40426
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD BERRY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:94-CR-62-6
- - - - - - - - - -
(October 17, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Berry contends that the district court failed to give acceptable reasons justifying its upward departure and that the departure was unreasonable.  The decision to depart from the Sentencing Guidelines is reviewed for abuse of discretion. United States v. McKenzie, 991 F.2d 203, 204 (5th Cir. 1993).  An upward departure will be affirmed if the district court offers acceptable reasons for the departure and the departure is

_____

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

reasonable. <u>United States v. Lambert</u>, 984 F.2d 658, 663 (5th Cir. 1993) (en banc).

Under U.S.S.G. § 4A1.3, "[i]f reliable information indicates that the criminal history category does not adequately reflect . . . the likelihood that the defendant will commit other crimes, the court may consider" departing from the guidelines. "[W]hether the defendant was pending trial or sentencing on another charge at the time of the instant offense" is such information. <u>See</u> § 4A1.1(d).

The district court upwardly departed because Berry continued to traffic in crack cocaine while on bond awaiting trial for trafficking in crack. The reasons for the upward departure articulated by the district court are findings of fact that this court reviews for clear error. <u>United States v. Pennington</u>, 9 F.3d 1116, 1118 (5th Cir. 1993). Berry has not shown that the district court was clearly erroneous in finding that his criminal history category did not adequately represent his recidivist tendencies.

With respect to the reasonableness of the departure, the district court has wide discretion in determining the extent of the departure. <u>United States v. Moore</u>, 997 F.2d 30, 37 (5th Cir.), <u>cert. denied</u>, 114 S. Ct. 647 (1993). In this case, the district court did not abuse its discretion in upwardly departing from the guidelines and in choosing the next criminal history category to determine Berry's sentence.

AFFIRMED.